**CARPMAN FITNESS, LLC, d/b/a Elements Royal Oak., Plaintiff,**

v.

**CITY OF ROYAL OAK, Defendant.**

**Case No. 08–13207.**

United States District Court, E.D. Michigan, Southern Division.

Dec. 30, 2009.

Opinion Denying Reconsideration March 30, 2010.

Edward G. Lennon, Birmingham, MI, for Plaintiff.

T. Joseph Seward, Cummings, McClorey, Livonia, MI, for Defendant.

## OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GERALD E. ROSEN, Chief Judge.

### I. INTRODUCTION

Plaintiff Carpman Fitness, LLC, d/b/a Elements Royal Oak commenced this action in Oakland County Circuit Court on June 23, 2008, alleging that Defendant City of Royal Oak improperly denied it a license to operate a massage establishment by selectively enforcing its ordinance regarding massage parlors. Plaintiff alleged due process and equal protection claims, and sought damages under 42 U.S.C. § 1983. Defendant timely removed the case to this Court on federal question grounds. See 28 U.S.C. §§ 1331, 1441.

On November 14, 2008, this Court granted in part and denied in part Defendant's motion to dismiss Plaintiff's complaint, leaving only Plaintiff's equal protection "class of one" claim. Through the present motion, Defendant now seeks summary judgment on Plaintiff's remaining claim. Defendant argues that because Plaintiff pled no contest to violating the city's massage establishment ordinance in January 2009, its equal protection claim is barred by the *Heck* doctrine. Defendant further asserts that, even if the claim were not barred, Plaintiff cannot establish that any similarly situated individuals or businesses were treated differently than Plaintiff. Plaintiff counters that this claim is not a collateral attack on its conviction for violating the massage establishment ordinance, and therefore is not subject to the *Heck* doctrine. It further argues that there is sufficient evidence to show that different standards were imposed upon Plaintiff, and that those standards are not rationally related to a legitimate government interest.

Having reviewed and considered Plaintiff's complaint, Defendant's motion, and Plaintiff's response to this motion, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. This opinion and order sets forth the Court's ruling.

### II. FACTUAL AND PROCEDURAL BACKGROUND

In October 2006, Plaintiff Carpman Fitness, LLC's owner, Bruce Carpman, purchased the franchise rights to develop a therapeutic massage business under the name Elements Therapeutic Massage ("Elements") in Royal Oak, Michigan. The following year, Mr. Carpman entered into a five-year lease agreement for a property located on Woodward Avenue in Royal Oak, planning to open and operate the Elements franchise at that site. The City of Royal Oak Code contains a Massage Establishment License and Regulation Ordinance (the "Massage Ordinance"), which mandates that massage businesses have a valid business license issued by the City of Royal Oak in order to operate. Royal Oak, Mich., Code § 447–3. The Ordinance also requires that all persons employed to practice massage obtain a massagist license. *Id.*

After obtaining the necessary variances from the local zoning board, but without obtaining massage or massagist licenses, Elements opened its doors to business on December 18, 2007. Although Plaintiff claimed not to have knowledge of the Massage Ordinance, an e-memo dated February 23, 2007, from the Royal Oak Planning Department instructed Mr. Carpman to apply for licensure under the Ordinance and explained that such licensure was required by the City. Mardy Stirling, the Deputy Director of Planning for the City of Royal Oak, wrote, "I would recommend that you review this Ordinance *early* in the

process to ensure that you will comply with any licensing requirements." (Def.'s Reply to Resp. Ex. 3) (emphasis in original).

On December 19, 2007, a Royal Oak code enforcement officer visited the newly opened Elements franchise and advised the business manager there that the business and each of its individual massagists required licenses under the Massage Ordinance. Plaintiff alleges that the officer also said at that time that Plaintiff "could continue to operate business at the Property until such time as the license was obtained, and Royal Oak would not take any steps to shut down Elements." (Carpman Aff. ¶ 7.) The officer testified that he did not discuss allowing the Elements franchise to stay open until it got a business license; rather, he told Plaintiff that he would give it time to "get the ball rolling," but that he would check with the clerk in a week or so "to see if the license had been obtained." (Gerald Karr Dep. 13:11–24, May 6, 2009.) The officer then checked on December 26, 2007, and found that Plaintiff had still not obtained the license from the city clerk's office, but continued to operate its business.

On January 24, 2008, the code enforcement officer issued Plaintiff a civil infraction ticket based on Plaintiff's failure to obtain a license under the Massage Ordinance. Plaintiff alleges that during this period the city clerk's office repeatedly failed to answer questions about the licensing process or improperly answered questions, stating, for example, that a doctor's letter was required for each individual massagist application. (Compl. ¶ 12; Carpman Aff. ¶¶ 8–9.)[1] Nevertheless, on February 7, 2008, Plaintiff submitted an application and a $1,000 check for a massage establishment license. No individual massagist license applications were submitted. In the interim, Plaintiff's Elements franchise remained open for business.

By March 19, 2008, all pertinent city departments had recommended approval of the license, and on March 26, 2008, the City Manager and the City Clerk issued a memorandum to the City Commission recommending approval of the license. The application was considered at the April 14, 2008 meeting of the Commission.[2] In a four to three vote, the Commission denied the license for Plaintiff. The meeting minutes stated:

> BE IT RESOLVED, that the application for a massage establishment license for Elements Royal Oak ... be denied. The basis for the denial is that the applicant is not of suitable character (as defined in the Massage Ordinance) to conduct or maintain the business of the City of Royal Oak, based upon the following:
>
> 1. The City's Massage Ordinance requires that a person obtain a massage business license before engaging in the business of massage, and that a person obtain a massagist's license before engaging in the practice of massage.

---

1. In its response to the request for admissions, Defendant acknowledged that the requirement for a physician's letter has since been dropped from the Massage Ordinance and that some of the information given to Mr. Carpman by employees at the city clerk's office may have been outdated. (Resp. to Pl.'s Combined Req. to Admit 2.)

2. The Commission first considered Plaintiff's license application at its April 7, 2008 meeting, where one Commissioner stated that Mr. Carpman had been cited for operating without a license in January, that a second citation had been issued the day of the meeting, and that none of the Elements massagists had applied for the applicable licenses. At the request of Plaintiff's counsel, the issue was postponed to the following meeting. (Def.'s Br. Ex. 3.)

2. On February 23, 2009, Deputy Planning Director Mardy [sic] Stirling advised the applicant via e-mail that the proposed business would have to be licensed under the City's Massage Ordinance.

3. On May 15, 2007, the applicant was present during a Zoning Board of Appeals hearing on his petition for two zoning variances ... when City Planner Doug Hedges stated a condition of approval of the variances that the applicant comply with a proposed business plan would be reviewed at the time that the applicant submitted an application for a massage establishment license under the City's Massage Ordinance.

4. On December 17, 2007, Code Enforcement Officer Gerald Karr advised the manager of the business that a massage establishment license was needed.

5. The applicant was open for business on January 24, 2008.

6. On February 7, 2008, the applicant submitted an application for a massage establishment license for the business.

7. The applicant was open for business on April 7, 2008 [through April 14, 2008].

[ ... ]

14. There are no individuals who are licensed to practice massage at the business.

15. The City Clerk has not received an application from any individual seeking to become licensed to conduct massage at the business.

(Def.'s Mot. for Summ. J. Ex. 4 p. 7–8.)

On April 17, 2008, a Royal Oak undercover police officer visited Elements and received a massage from Lauren Stocking, a massagist employed by Plaintiff. The same day, Plaintiff was charged with two violations of the Massage Ordinance: (1) operating a massage establishment without a license in violation of Royal Oak Code § 447–3(A); and (2) employing a massagist without a license in violation of Royal Oak Code § 447–3(B). On April 21 and 22, 2008, Plaintiff submitted license applications, along with the necessary fees, on behalf of five massagists employed by Plaintiff. Arrest warrants were nevertheless issued on May 1 at the request of the City, based on the April 17 incident. On May 4, 2008, Plaintiff shut down its Royal Oak business and began refunding membership and pre-paid services to its customers.

At a May 19, 2008 meeting, the City Commission voted to rescind its April 14 decision denying a license to Elements, to approve a massage establishment license for Elements, and to approve the individual massage therapists licenses for the five individual massagists formerly employed by Plaintiff. Plaintiff claims that a majority of its individual therapists have since refused to return to work for Elements, "because of the criminal proceedings initiated by Royal Oak as well as the delay in the issuance of the licenses." (Carpman Aff. ¶ 17.)

Plaintiff filed this lawsuit in Oakland County Circuit Court on June 23, 2008, asserting *inter alia* an equal protection "class of one" claim because allegedly different standards were imposed upon Plaintiff than on other similarly situated businesses. The City of Royal Oak removed the matter to this Court on July 25, 2008.

On January 26, 2009, Plaintiff pled no contest to violating Royal Oak Code § 447–3(B) for employing massagists without licenses, in exchange for dismissal of the charge for operating a massage establishment without a license. It paid a fine of $150 and the case was closed.

## III.  DISCUSSION

### A.  The Standards Governing Defendant's Motion

Through the present motion, the Defendant City of Royal Oak seeks summary judgment on Plaintiff's remaining 42 U.S.C. § 1983 claim.  *See* Fed.R.Civ.P. 56. Under the pertinent Federal Rule, summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  As the Supreme Court has explained, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

In deciding a motion brought under Rule 56, the Court must view the evidence in a light most favorable to the nonmoving party.  *Pack v. Damon Corp.,* 434 F.3d 810, 813 (6th Cir.2006).  Yet, the nonmoving party "may not rely merely on allegations or denials in its own pleading," but "must—by affidavits or as otherwise provided in [Rule 56]—set out specific facts showing a genuine issue for trial." Fed. R.Civ.P. 56(e)(2).  Moreover, any supporting or opposing affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed.R.Civ.P. 56(e)(1).  Finally, "the mere existence of a scintilla of evidence that supports the non-moving party's claims is insufficient to defeat summary judgment." *Pack,* 434 F.3d at 814 (alteration, internal quotation marks, and citation omitted).

### B.  Plaintiff Has Failed to Establish a Violation of the Equal Protection Clause.

Although the first issue raised in Defendant's motion is applicability of the *Heck* doctrine in this case, the Court defers its consideration of this issue to first address the viability of Plaintiff's equal protection claim.  Plaintiff alleges that it was denied equal protection under the laws as guaranteed by the Fourteenth Amendment because Defendant imposed different standards on Plaintiff than the standards applied on similarly situated businesses.[3]  In support of these claims, Plaintiff provides evidence of one other massage therapist who worked for at least two years without a license, then was granted a license.  Defendant counters that the evidence does not support a finding of differential treatment, and that Plaintiff has failed to show that the City Commission's denial of Plaintiff's license application lacked any rational basis.  The Court finds the Defendant's arguments well-taken.

■■■ The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Generally, to prevail on a claim for violation of the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against

---

**3.**  In the November 14, 2008 order granting in part and denying in part Defendant's Motion to Dismiss, the Court warned that "these allegations are rather 'bare bones' in nature, and only narrowly surpass the pleading standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* [550 U.S. 544] 127 S.Ct. 1955 [167 L.Ed.2d 929] (2007)." [Dkt. # 6.]

the plaintiff because of membership in a protected class or by burdening a fundamental right. *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 312 (6th Cir.2005) (*citing Vacco v. Quill,* 521 U.S. 793, 799, 117 S.Ct. 2293, 138 L.Ed.2d 834 (1997)). The Supreme Court has also recognized that the Equal Protection Clause may give rise to a claim on behalf of a "class of one." *Village of Willowbrook v. Olech,* 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). To prevail under this theory, a plaintiff must show intentional treatment different from others similarly situated *and* the absence of a rational basis for the difference in treatment. *Id.* at 564, 120 S.Ct. 1073. "A 'class of one' plaintiff may demonstrate that a government action lacks a rational basis in one of two ways: either by 'negativ[ing] every conceivable basis which might support' the government action or by demonstrating that the challenged government action was motivated by animus or ill-will." *Warren v. City of Athens,* 411 F.3d 697, 711 (6th Cir.2005).

### 1. There is insufficient evidence of differential treatment of similarly situated massage establishments under the Massage Ordinance.

█ Plaintiff claims that Defendant intentionally treated it differently from other businesses that operated without a license prior to seeking licensure under the Massage Ordinance. In support of this claim, Plaintiff relies almost exclusively on the affidavit and deposition of Melissa Ruffner, a massage therapist who operates Hands on Health, a massage establishment in Royal Oak.[4] Ms. Ruffner began operating her business in Royal Oak in October 2005

without a license. (Ruffner Aff. ¶¶ 2, 4.) She was later visited by a city official who informed her that she needed to obtain a license under the Massage Ordinance. (Ruffner Dep. 39:6–21, Oct. 6, 2009.) Within a few days, Ms. Ruffner went to the city clerk's office to obtain the requisite forms and begin the process of completing the massage establishment license application; she was under the impression that if she did not apply for a license the business could be shut down. (Ruffner Dep. 41:5–13.) The application process involved getting letters of recommendation, a police report, fingerprinting, and a physician's letter stating that the applicant was free of communicable diseases. (Ruffner Dep. 41:23–42:3.) Ms. Ruffner submitted the completed business and individual license applications on October 15, 2007, with the necessary fees, approximately two years after having opened her business. (Ruffner Dep. 42:19–43:2.) In the intervening period, she had continued to operate her business. (Ruffner Dep. 60:2–14.) Ultimately, in March 2008, the city clerk's office issued Ms. Ruffner and Hands on Health a massage therapist license and a massage establishment license. (Ruffner Aff. ¶ 4.)

By comparison, Plaintiff began operating without a license in December 2007, after having been notified nearly ten months earlier in an e-memo from the City Planning Department that licensure was necessary under the Massage Ordinance. Plaintiff was again notified by a code enforcement officer that it needed a massage establishment license to continue operating in December 2007. Although Plaintiff claims to have attempted to call the city

---

4. Plaintiff also cites the sixteen massagist or massage establishment licenses that were granted during the same period that Plaintiff sought a license. Plaintiff suggests that these applications were granted without investigation as to whether any applicant had previously operated in Royal Oak without a

license. However, there is nothing in the record to support this allegation. The licenses themselves do not reveal whether the applicants were even first-time applicants, like Plaintiff, much less what investigative procedures preceded the granting of the licenses.

clerk's office, the code enforcement officer found no evidence that, a week after his first visit, Plaintiff had obtained the necessary forms from the clerk's office. By late January 2008, when the code enforcement officer visited a second time, there was still no evidence that Plaintiff had obtained applications for the business or for individual therapists. Ultimately, Plaintiff submitted an application for a license on February 7, 2008, less than two months after the first visit of the code enforcement officer, but almost a year after first learning of the licensure obligation. When the City Commission finally addressed the Elements franchise license application on April 14, 2008, none of the massage therapists employed by Plaintiff had yet submitted massage therapist license applications.

While there are parallels between Ms. Ruffner's experience and Plaintiff's, there are also important differences. Both incidents involve a massage therapy business operating without a license, and in both cases, the Defendant city ultimately granted licenses. Both Ms. Ruffner and Plaintiff were told or given the impression by city officials that without a license, they could not operate a massage establishment in Royal Oak. However, in Ms. Ruffner's case, she learned of this requirement once she was already operating her business, and she began the application process within several days of being notified. In Plaintiff's case, there is clear evidence that Mr. Carpman was notified of the licensure requirement nearly ten months before the Elements franchise opened for business. Yet Plaintiff did not initiate the application process until it was given a second and a third warning in December 2007 and January 2008 by a code enforcement officer.

Ultimately, in denying the massage establishment license at its April 17, 2008 meeting, the Commission emphasized this ten-month period during which Plaintiff was aware of the licensure requirement but failed to even obtain application forms. The relevant period is thus not the length during which Plaintiff operated without a license, but rather the length of time it took Plaintiff to initiate the application process.

Plaintiff also claims that the City Commission improperly conditioned its grant of the licenses on Plaintiff first closing its doors to business, whereas no such condition was imposed on Ms. Ruffner. This is a mischaracterization of the record. The Commission cited Plaintiff's continued operation of business following several warnings from the code enforcement officer as only one basis for its denial of the license. It also cited Plaintiff's failure to submit any applications for individual massagists as of April 2008. The record indicates that in the end the Commission granted Plaintiff its licenses once it had received applications for both the business establishment and each individual massagist. Although in the interim, Plaintiff closed the Elements franchise, there is no evidence to suggest that closing the business was either mandated by the Defendant city or a prerequisite for reconsideration of the license applications. Moreover, the comparison to Ms. Ruffner's case is inapposite, since unlike Plaintiff, Ms. Ruffner submitted completed applications for the business establishment license and the individual therapist license at the same time. In light of these facts, Plaintiff has failed to show intentional treatment different from others similarly situated.[5]

---

**5.** To the extent that Plaintiff argues that the Defendant City more generally permitted some businesses to operate without a license, selectively enforcing the Massage Ordinance only against Plaintiff, such allegations are unsupported by the record. On the contrary, the record shows that Defendant sought to enforce the Massage Ordinance against other massage establishments prior to and during period in which Plaintiff was investigated. For example, the code enforcement officer

**2. Even assuming Plaintiff can prove differential treatment, Plaintiff has failed to show that the Defendant city's actions lacked any rational basis.**

■ Assuming that Ms. Ruffner's affidavit and deposition are sufficient to establish differential treatment, Plaintiff cannot establish that the Defendant city's denial of the business establishment license lacked a rational basis. The Sixth Circuit has explained:

Under rational basis review, the defendant has no obligation to produce evidence to sustain the rationality of its actions; its choice is presumptively valid and may be based on rational speculation unsupported by evidence or empirical data. The burden falls squarely to the plaintiff, who must overcome the presumption of rationality by alleging that the defendant acted in a manner clearly contrary to law.

*Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 298 (6th Cir.2006) (quotations and citations omitted). Plaintiff cannot satisfy this burden. More specifically, a " 'class of one' plaintiff may demonstrate that a government action lacks a rational basis in one of two ways: either by 'negativ[ing] every conceivable basis which might support' the government action or by demonstrating that the challenged government action was motivated by animus or ill-will." *Warren*

*v. City of Athens*, 411 F.3d 697, 711 (6th Cir.2005). Plaintiff has done neither.

■ As a general matter, municipalities clearly have a legitimate concern for the operation of business in a lawful manner. "This concern may be protected by refusal to license a business which continually operates in violation of city or state laws that jeopardize the health, safety, or welfare of the community." *Pentco, Inc. v. Moody*, 474 F.Supp. 1001, 1006 (D.C.Ohio 1978). In this case, the Massage Ordinance dictates that the City of Royal Oak can only refuse an application for cause. Royal Oak, Mich., Code § 447–9. "Cause" includes, but is not limited to:

A. A determination of lack of suitable character, or a failure of the proposed licensed premises to meet applicable codes and ordinances.

[ . . . ]

D. Any material violation of this chapter or of the regulations authorized herein.

E. Any violation of federal or state law or local ordinance which creates a risk to the health safety or welfare of the community, or brings into question whether the licensee is of suitable character to operate the business.

*Id.* As discussed above, the City Commission gave at least three different legitimate

---

who conducted the investigation into whether Plaintiff was operating without a license in December 2007 and January 2008 testified that he was also asked to investigate two other massage businesses for lack of a license. (Karr Dep. 25:20–26:2.) These investigations occurred within the same time frame as the investigation of Plaintiff's establishment, though ultimately the other businesses were not prosecuted because the investigation revealed that one of the locations was not operating a massage therapy business and the other location was vacant, having never opened for business. (Karr Dep. 26:9–28:14.)

The Defendant city has also previously brought criminal complaints against massage establishments or individual massagists for operating without a license. (Resp. to Pl.'s Combined Req. to Admit 1–2.) On at least four occasions, undercover police officers visited different massage therapy establishments to determine if they were operating without the proper licensure, in 1996, 2007, and 2008. (*Id.* 4–5.) This evidence strongly contravenes Plaintiff's allegations that the Massage Ordinance was not enforced against other similarly situated massage businesses in Royal Oak.

examples of ways in which Plaintiff had either violated the Code, or shown a lack of suitable character: (1) the business operated without a license despite having been notified nearly ten months before opening that licensure was required; (2) the business operated without a license after being visited by a code enforcement officer at least twice; and (3) none of the massage therapists employed by Plaintiff were licensed, nor had the City received a single individual therapist license application by the time of the April 2008 meeting when the business establishment license application was considered. Although Plaintiff disputes exactly when it learned of its obligation to obtain licenses, it cannot negate the fact that an e-memo was sent to Mr. Carpman in February 2007, while planning and development for the Elements franchise was underway. Nor can Plaintiff negate the fact that following the first visit of the code enforcement officer, it did not immediately obtain application materials from the city clerk's office. Finally, Plaintiff cannot negate that it had not obtained individual massagist licenses for any of its massage therapists as of the April 2008 City Commission meeting. Whether the City Commission ought to have granted Plaintiff some leeway in light of the difficulties Plaintiff faced in communicating with the city clerk's office is beyond the scope of this Court's review. *Heller v. Doe by Doe,* 509 U.S. 312, 319, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) (reiterating the holding that rational-basis review in equal protection analysis "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.").[6]

In light of the foregoing, the Court is unable to conclude that these bases for the City Commission's denial were "clearly contrary to law." Plaintiff has failed to show that it may prevail on its claim for relief under the Equal Protection Clause because, based on the facts alleged, Plaintiff will not be able to prove that Defendant lacked a rational basis for its actions.

## C. The Court Need Not Reach The *Heck* Doctrine

Section 1983 establishes tort liability for the deprivation of federal rights by persons acting under color of state law. 42 U.S.C. § 1983. Defendant argues that Plaintiff's section 1983 action is barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck,* the Supreme Court held:

> ... in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486–87, 114 S.Ct. 2364 (footnotes omitted). Defendant argues that the *Heck* doctrine is applicable here because: (1) Plaintiff pled no contest to violating the Massage Ordinance, (2) a no contest plea subjects a defendant to all consequences of a conviction, *see People v. Graham,* 55 Mich.App. 590, 223 N.W.2d 80 (1974), *Walker v. Schaeffer,* 854 F.2d 138 (6th Cir.1988); and (3) this conviction has not

---

6. Plaintiff has neither alleged nor provided any evidence that the City Commission's deci- sion was motivated by ill will.

been invalidated. Consequently, Defendant contends that a ruling in Plaintiff's favor on the equal protection claim—essentially a claim of selective enforcement of the Massage Ordinance—would imply the invalidity of the conviction. Thus, Defendant argues that, under *Heck*, Plaintiff's challenges to the selective enforcement of the Massage Ordinance are not cognizable under section 1983. Plaintiff counters that the original complaint had nothing to do with Plaintiff's eventual conviction, that it does not seek to recover damages for the conviction, and that the section 1983 claim is therefore distinct from an attack on the conviction itself.

Because the Court finds that Plaintiff cannot prevail on its claim under the Equal Protection Clause, it need not reach the issue of whether the *Heck* doctrine would bar this claim.

## IV. *CONCLUSION*

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's July 29, 2009 Motion for Summary Judgment [Dkt. # 24] is GRANTED.

### *OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION*

By opinion and order dated December 30, 2009, this Court awarded summary judgment in Defendant's favor on Plaintiff's sole remaining claim: a "class of one" equal protection claim, filed pursuant to 42 U.S.C. § 1983. *Carpman v. City of Royal Oak*, No. 08–13207, 2009 WL 5217987 (E.D.Mich. Dec.30, 2009). Through the present motion, filed on January 13, 2010, Plaintiff seeks reconsideration of certain aspects of the Court's ruling pursuant to Eastern District of Michigan Local Rule 7.1(h) (formerly Local Rule 7.1(g)).

█ The requirements for the granting of motions for reconsideration are set forth in Local Rule 7.1(h), which provides in relevant part:

Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3), U.S. District Court, Eastern District of Michigan. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F.Supp.2d 682, 684 (E.D.Mich.2004).

Briefly summarizing the factual premises of this case, Plaintiff Carpman Fitness, LLC, d/b/a Elements Royal Oak, was initially denied a license to operate a massage establishment as required by municipal ordinance in the Defendant City of Royal Oak. The stated basis of the denial was Plaintiff's failure to apply for the license before opening its doors, then continuing to operate its massage business for several months without a license—even though Plaintiff was notified of the requirement prior to and again after opening the business. After several months and only after it shut down the business, Plaintiff was eventually granted a license upon reconsideration by the city council. On June 23, 2008, Plaintiff sued the Defendant city, asserting various federal civil rights claims including a "class of one" equal protection claim. Plaintiff alleged that it has been intentionally treated differently from other similarly situated businesses and that there was no rational basis for the difference in treatment. After concluding discovery, Plaintiff proffered evidence that at least one massage establish-

ment, owned by Melissa Ruffner, operated without a license for two years before applying for and being granted a license.

Upon reviewing the record on Defendant's Motion for Summary Judgment, this Court concluded that the evidence did not support a finding of differential treatment—the first prong of a "class of one" equal protection claim—as there were "important differences" between the experiences of the other massage establishment and Plaintiff:

Both incidents involve a massage therapy business operating without a license, and in both cases, the Defendant city ultimately granted licenses. Both Ms. Ruffner and Plaintiff were told or given the impression by city officials that without a license, they could not operate a massage establishment in Royal Oak. However, in Ms. Ruffner's case, she learned of this requirement once she was already operating her business, and she began the application process within several days of being notified. In Plaintiff's case, there is clear evidence that Mr. Carpman was notified of the licensure requirement nearly ten months before the Elements franchise opened for business. Yet Plaintiff did not initiate the application process until it was given a second and a third warning in December 2007 and January 2008 by a code enforcement officer. Ultimately, in denying the massage establishment license at its April 17, 2008 meeting, the Commission emphasized this ten-month period during which Plaintiff was aware of the licensure requirement but failed to even obtain application forms. The relevant period is thus not the length during which Plaintiff operated without a license, but rather the length of time it took Plaintiff to initiate the application process.

*Carpman*, No. 08–13207, 2009 WL 5217987, at *5 (E.D.Mich. Dec.30, 2009).

In its motion for reconsideration, Plaintiff claims that the Court overlooked the clearly established tenet that everyone is presumed to know the law and that ignorance of the law is never an excuse for violation of that law. *See Mosier v. Carney*, 138 N.W.2d 343, 373, 376 Mich. 532 (1965). Plaintiff argues that because Ms. Ruffner should have been presumed to know of the massage license ordinance from the moment she opened her business, the relevant period for purposes of comparing the Defendant city's treatment of her application and its treatment of Plaintiff's application is the total time elapsed operating a massage establishment without a license. Under this theory, Ms. Ruffner operated her business in violation of the ordinance for over two years, then was immediately granted a license, while Plaintiff operated its business in violation of the ordinance for several months, then was denied a license for failing to comply.

■ This argument essentially amounts to a reformulation of the arguments made· in opposition to Defendant's Motion for Summary Judgment. The Court did not "overlook" the common maxim that everyone is presumed to know the law. Rather, the Court evaluated, as is required for claims brought under the Equal Protection Clause, whether the two businesses were in fact similarly situated and whether the Defendant city intentionally treated the two businesses differently. *See Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 549 (6th Cir.2007). The Court properly concluded that the businesses were not similarly situated, insofar as one showed good faith compliance with the ordinance from the moment she learned of it, while the other, Plaintiff, showed an apparent disregard for the licensing mandate. Furthermore, to the extent that the two businesses could be considered similarly situated, the fact that the Defendant city was relatively permissive in its enforcement of the massage establish-

ment ordinance-either deliberately or, more likely, inadvertently allowing Ms. Ruffner to continue operating without a license so long as she was not formally informed of the ordinance by a code enforcement officer or other city official—does not itself establish an equal protection violation. Rather, it suggests that the Defendant city weighed good faith compliance more heavily than total time spent operating a business without a license. Finally, while as a general matter ignorance does not excuse violation of the law, in a "class of one" equal protection claim, the Defendant city's decision is entitled to a presumption of rationality. *See Club Italia Soccer & Sports Org., Inc. v. Charter Tp. of Shelby,* 470 F.3d 286, 298 (6th Cir. 2006). Here, the city ordinance provides for the refusal or suspension of a massage establishment license in cases, such as this one, where there is a "determination of lack of suitable character." Royal Oak, Mich., Code § 447–9. The Defendant city did not consider non-compliance in ignorance of the law as evidence of unsuitable character, but it did find that non-compliance after multiple notifications of the ordinance requirements was in fact grounds for refusal. On these facts, Plaintiff cannot prove that Defendant lacked a rational basis for its actions.

Based on the foregoing, the Court concludes that Plaintiff has failed to show a "palpable defect" in the Court's December 30, 2009, opinion. Accordingly, Plaintiff's civil rights complaint was properly dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

Plaintiff's motion [Dkt. # 37] is DENIED. This case is closed.

IT IS SO ORDERED.